Eastern District of Kentucky
**FILED**

JUN 28 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-468-JBC

LEE ROY COLWELL,     PLAINTIFF

V.     **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,     DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Lee Roy Colwell, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g), for judicial review of the Commissioner's decision that he was not under a "disability," as defined in the Social Security Act, at any time during the closed period of time from November 20, 1999, through October 31, 2001, and that based on his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) filed on December 20, 1999, he was not disabled and was not entitled to benefits during this closed period of time.[1]

This matter is before the Court on cross-motions for summary judgment. [DE ##8, 9].

By Order of April 5, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On plaintiff's application at issue, plaintiff alleged that he became disabled on November 20, 1999, due to respiratory problems, injuries to his spine resulting from an automobile accident,

---

[1] However, in respect to plaintiff's DIB and SSI applications filed on December 20, 1999, the Commissioner found that plaintiff was disabled as of November 1, 2001. Thus, plaintiff is presently receiving disability benefits. The issue in the present action is the onset date.

anxiety and depression. This application was denied initially and on reconsideration, resulting in three ALJ hearing sessions conducted by ALJ Arthur J. Schultz on August 14, 2001, June 18, 2002, and February 19, 2003. On February 28, 2003, ALJ Arthur J. Shultz found that plaintiff became disabled on November 1, 2001, and was entitled to disability benefits commencing November 1, 2001. (Tr. 56).

Plaintiff appealed the ALJ's decision to the Appeals Council, asserting that the ALJ erred by not finding him disabled as of his alleged onset date, November 20, 1999. On August 7, 2003, the Appeals Council entered an Order affirming the ALJ's finding that plaintiff was disabled as of November 1, 2001, vacating that portion of the ALJ's decision with respect to the issue of disability prior to November 1, 2001, and remanding the case to an ALJ for further proceedings because the ALJ did not explain the weight given to certain treating and examining source evidence with respect to plaintiff's physical impairments. (Tr. 761-63).

Thereafter, this matter was assigned to a different ALJ, who conducted an ALJ hearing on March 15, 2004. On April 6, 2004, ALJ Roger L. Reynolds issued a decision which affirmed the decision of ALJ Shultz that plaintiff's disability onset date is November 1, 2001, and that plaintiff was not entitled to disability benefits during the closed period of time from November 20, 1999, through October 31, 2001. (Tr. 28-34).

Plaintiff was born on July 11, 1960, has a ninth-grade education, and has past relevant work experience (PRW) as a mine blaster and a self-employed mechanic. (Tr. 23). Summarizing the findings of ALJ Reynolds, he found that (1) claimant has not engaged in substantial gainful activity since November 20, 1999, but shows earnings in 2000; (2) claimant is impaired by severe degenerative disc disease, dysthymia, anxiety, chronic obstructive pulmonary disease and degenerative joint disease of the knee; however, from November 20, 1999, through October 31, 2001, he did not have an impairment or a combination of impairments listed in, or medically equal to an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) during the period November 20, 1999, through October 31, 2001, (i) claimant's impairments prevented him from

2

lifting over 20 pounds occasionally, 10 pounds frequently, but he could sit six hours in an eight-hour workday, stand and walk two hours, and needed to avoid repetitive overhead reaching, could not climb ladders and ropes but could occasionally balance, stoop, kneel, crouch, or crawl, and he needed to avoid vibration, hazards and concentrated fumes, odors, dust, gases and smoke, (ii) he was unable to perform his PRW, (iii) his physical RFC for light work was reduced by the foregoing limitations itemized in (i), (iv) he was 39-41 years old, a younger individual, (v) his subjective allegations of pain and symptomatology are not credible and are not supported by the objective medical evidence; (4) prior to November 1, 2001, claimant was able to perform a significant number of jobs existing in the national economy, such as bench assembly, sorting and packaging, and assembly (light); (5) beginning November 1, 2001, claimant met two Listings; and (6) claimant was not under a disability, as defined in the Social Security Act, at any time during the period November 20, 1999, through October 31, 2001. (Tr. 28-34).

The Appeals Council declined to review the ALJ's decision; therefore, the ALJ's decision dated April 6, 2004, represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case <u>de novo</u>, resolve conflicts in evidence, or decide questions of credibility. <u>Garner v. Heckler</u>, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff asserts that (1) the ALJ failed to give proper weight to the opinions of her treating physicians, Drs. Chaney and Gilbert, and (2) the ALJ failed to follow the instructions of the Appeals Council on remand to explain the reasons for the weight given to the opinions of her treating physicians. For these reasons, plaintiff contends that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed and that he should be awarded disability benefits for the period of time from November 20, 1999, through October 31, 2001. Alternatively, plaintiff requests that this matter be remanded to the Commissioner for further proceedings.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decisions, the medical evidence of record, Exhibits 1-F through 34-F, and the transcripts of the ALJ hearings.

### A.  ALJ's consideration of opinions of treating physicians

Plaintiff alleges that the ALJ improperly disregarded the records and opinions of her treating physicians, Dr. George Chaney and Dr. John Gilbert.

### 1.  Dr. George Chaney

Dr. Chaney has been plaintiff's treating physician since 1996. On June 9, 2001, Dr. Chaney completed a Pulmonary Residual Functional Capacity Questionnaire, wherein he diagnosed plaintiff with "early coal workers' pneumoconiosis." (Tr. 667). Dr. Chaney stated that this diagnosis was based on an abnormal chest x-ray and abnormal pulmonary function tests. <u>Id.</u> In this questionnaire,

4

Dr. Chaney indicated plaintiff could walk fewer than two (2) city blocks without rest, could sit and stand/walk for only 1-2 hours in an 8-hour workday, would need to take occasional breaks for 5-10 minutes during an 8-hour workday, could lift less than 10 pounds frequently, could lift 10 pounds occasionally, could never lift 20 pounds or more, and should avoid moderate exposure to extreme heat and cold, high humidity, fumes, odors, dusts, gases, perfumes, cigarette smoke, soldering fluxes, solvents/cleaners, and chemicals. Dr. Chaney also noted that plaintiff suffers from anxiety, cervical disc disease, lumbar disc disease, and immunodeficiency. (Tr. 667-671).

In his decision of February 28, 2003, ALJ Shultz noted that Dr. Chaney was a treating physician and noted the diagnosis and comments made by Dr. Chaney in Exhibit 14F; however, ALJ Shultz did not indicate the weight he gave to Exhibit 14F. On remand from the Appeals Council, ALJ Reynolds assessed Exhibit 14F, as follows:

> Exhibit 14 shows early coal worker's pneumoconiosis (CWP) diagnosed by Dr. George R. Chaney in June 2001. Dr. Chaney concludes claimant is disabled secondary thereto despite the negative accompanying pulmonary function study (PFS). The undersigned rejects Dr. Chaney's disability opinion for the period of November, 1999 through October, 2001 based on the results of the PFS and the relatively minimal impact of the claimant's CWP on his activities of daily living. Additionally, the PFS was conducted late in this closed period, i.e. June 2001 and thus can have little diagnostic value for the years 1999 and 2000.

Tr. 29.

Ordinarily, the opinion of a treating source is entitled to considerable weight; however, if the physician's opinion is brief and conclusory and is not supported by clinical and laboratory findings, it is fully within the discretion of the ALJ to reject that opinion. See 20 C.F.R. § 404.1527(d)(3) (2003); Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993). A physician's opinion may also be rejected when there are contrary opinions by other sources or if the opinion is internally inconsistent. See 20 C.F.R. § 404.1527(d)(4) (2003); Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1370 (6th Cir. 1991). Additionally, conclusory opinions, opinions outside a physician's area of expertise, or opinions of disability or on matters reserved for the Commissioner may be rejected and are not accorded controlling weight. 20 C.F.R. § 404.1527(d)(3), (e) (2003); Cutlip, 25 F.3d at 287.

5

In this case, ALJ Reynolds rejected Dr. Chaney's opinion that plaintiff was disabled from coal workers' pneumoconiosis, and he explained in detail the basis for that assessment. For example, ALJ stated that pulmonary function study (PFS) attached to Dr. Chaney's report was negative for CWP (Tr. 29, 672-73) showing only a mild restriction.[2] Furthermore, a PFS performed in September 2001 showed only a mild restriction (Tr. 741-42), and as ALJ Reynolds pointed out, Dr. James E.. Lockey reported that a PFS performed in July 2002 was within normal limits. (Tr. 30, 1020).

Concerning Dr. Chaney's statement on June 9, 2001, that his early CWP diagnosis was based on an abnormal chest x-ray (Tr. 698), there is contradictory medical evidence of record. Significantly, Dr. James E. Lockey reported from a July 2002 examination that "Mr. Colwell does not have chest radiographic findings consistent with coal workers' pneumoconiosis. . . . His chest film does not demonstrate any interstitial changes consistent with pneumoconiosis and would be considered normal, . . ." (Tr. 1020). Thereafter, an October 2001 chest x-ray, also during the period at issue, revealed "No active disease" (Tr. 875), and an April 2002 chest x-ray was also negative for active changes. (Tr. 803).

Thus, even though Dr. Chaney is a treating source, the ALJ properly rejected his opinion that plaintiff was disabled by coal workers' pneumoconiosis because that opinion was not supported by objective, clinical test results and was refuted by subsequent x-rays and PFS tests performed in 2001. ALJ Reynolds succinctly stated the reasons for his rejection of Dr. Chaney's opinion[3], and his rationale complies with the instructions of the Appeals Council on remand.

---

[2] Additionally, this PFS test reflected pre-bronchodilator values. The regulations provide that a spirometry test should be repeated after administration of a bronchodilator if the pre-bronchodilator value is less than 70 percent of the predicted normal. See 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00E. Plaintiff performed at 76% of the predicted normal value (Tr. 672). Therefore, there was no need to perform a post-bronchodilator test; however, presumably, plaintiff would have tested better if such a test had been necessary.

[3] ALJ Reynolds also explains that the self-contradictory statements of Dr. Chaney "are accorded scant weight herein because they are at odds with the bulk of the record and represent a conclusion reserved to the Commissioner (Social Security Ruling 96-5p). (Tr. 31).

### 2. Dr. John Gilbert

Dr. Gilbert performed a two-level, anterior cervical discectomy and fusion on plaintiff in December of 1999. The Appeals Council also remanded this matter to the ALJ for further proceedings because the decision of ALJ Shultz did not evaluate and explain the weight given to the medical opinion of Dr. Gilbert contained in Exhibit 16F and 24F.

In compliance with the directions of the Appeals Council on remand, ALJ Reynolds evaluated and explained the weight given to the foregoing medical evidence, as follows:

> 16F, from Dr. John Gilbert dated August 6, 2001, limits claimant to less than sedentary work, an opinion rendered for the present proceeding only six months after rendering an opinion that the claimant could perform at a light exertional level in a deposition for a workers compensation proceeding. See Ex. 24F.
>
> . . .
>
> 24F, also from Dr. Gilbert, finds Mr. Colwell "doing great with his neck surgery" in a deposition of February 9, 2001 [sheet 16]. Note the discrepancy. Dr. Gilbert continued, stating claimant will need to be on pain medications forever, but Mr. Colwell was taking no pain medications at the time. Dr. Gilbert limits claimant to lifting 20-25 pounds, with no vibration, overhead work, stooping, crouching or crawling.

Tr. 29-30.

In Exhibit 16F, Dr. Gilbert limited plaintiff to less than sedentary work due to his back problems. (Tr. 688-92). ALJ Reynolds noted that this opinion by Dr. Gilbert was given only six months after Dr. Gilbert had stated in a deposition for a worker's compensation proceeding that plaintiff could perform work at the light level, with certain restrictions. (Tr. 29, 840). ALJ Reynolds also observed that according to Dr. Gilbert's notes read at the deposition, plaintiff was "doing great with his neck surgery." (Tr. 826). Dr. Gilbert limited plaintiff to lifting 20-25 pounds, with no vibration, overhead work, stooping, crouching or crawling (Tr. 840), which is generally consistent with the ALJ's finding.

Although plaintiff argues that the ALJ's analysis of Dr. Gilbert's opinion expressed in Exhibit 16F focused on minor inconsistencies, the ALJ was simply performing his duty as the trier-of-fact in resolving the conflicts in the evidence. See Richardson v. Perales, 402 U.S. 389, 399

(1971); Mullins v. Secretary of Health and Human Services, 836 F.2d 980, 984 (6th Cir. 1987) ("Claimant's argument rests solely on the weight to be given opposing medical opinions, which is clearly not a basis for our setting aside the ALJ's factual finding."). The Magistrate Judge is unpersuaded by plaintiff's argument. It is clear from a review of the ALJ Reynolds' decision that he explained the evaluation of Dr. Gilbert's opinion and the weight given to Exhibit 16F and 24F, in compliance with the directions of the Appeals Council on remand, rather than splitting hairs as plaintiff suggests.

**B.    Exhibit 29F**

The Appeals Council also remanded the case to the ALJ to evaluate and explain the weight given to Exhibit 29F. ALJ Reynolds assessed Exhibit 29F, as follows:

> Exhibit 29F, from Dr. Sotingeanu, reports three visits, an initial visit, a second visit for leg bruises, and "papers filled out." Dr. Sotingeanu finds HNP at L5-S1 but the claimant's records show no complaint of back pain to Dr. Sotingeanu, and we have no record of Dr. Sotingeanu's having reviewed the MRIs. Also, Dr. Sotingeanu did not see Mr. Colwell until after November 1, 2001, the established onset date.

Tr. 31.

ALJ Reynolds stated that he gave the RFC of Dr. Sotingeanu (Exhibit 29F) "scant" weight because it was "at odds with the bulk of the record" and that it represents a conclusion reserved to the Commissioner. Id.

Based on a review of Exhibit 29F and ALJ Reynolds' decision, the Magistrate Judge concludes that ALJ Reynolds complied with the instructions of the Appeals Council on remand in respect to Exhibit 29F.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled during the closed period of time from November 20, 1999, through October 31, 2001, is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #8] be **DENIED**, that the defendant's motion for summary judgment [DE #9] be **GRANTED,** and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 28th day of June, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE